961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred B. IVEY, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary, Department of the Air Force,
Defendant-Appellee.
 No. 91-3487.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before KENNEDY and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an age discrimination case brought under 29 U.S.C. § 633 by Fred B. Ivey against the Secretary of the United States Air Force because Ivey was not selected for aircraft mechanic positions at the Rickenbacker Ohio Air National Guard Base ("Rickenbacker"). In late August 1985, Ivey filed a Form 171 application for employment at Rickenbacker, seeking employment as an aircraft mechanic. He was rated qualified for the positions of Aircraft Mechanic, Wage Grade (WG)-8852-8 with potential to WG-8602-10, and Aircraft Engine Mechanic, WG-8602-8 (Piston) and WG-8602-10 (Jet). The parties identified eight positions for which the plaintiff was minimally qualified that became available between the filing of his application in August 1985 and August 1986. Ivey was not selected for any of those positions, all of which were awarded to persons under forty years of age.
 
 
 2
 On or about September 3, 1985, plaintiff was nonselected for two positions of Aircraft Mechanic, WG-8852-10, which were awarded to Timothy J. Locke and Dale C. Iles. Ivey was notified of his nonselection on September 11, 1985. On October 7, 1985, Andrew W. Van Ert was given a position of Aircraft Engine Mechanic, WG-8602-08. Plaintiff's application was never considered for this position and he received no notice of nonselection. On or about November 22, 1985, plaintiff was nonselected for a position of Aircraft Mechanic, WG-8852-08, with potential to WG-8852-10, which was awarded to John E. Doran. Plaintiff was notified of his nonselection on December 3, 1985. Plaintiff's application was not referred to the selecting officer for two Aircraft Engine Mechanic positions, one a WG-8602-08 and the other a WG-8602-08/10, on November 20 and December 9, 1985. However, his application was considered for the WG-8602-10 position after the selections had already been made, and he received a nonselection letter that was dated December 3, 1985. Finally, on June 12, 1986, plaintiff was nonselected for the positions of Aircraft Mechanic, WG-8852-08 with potential to WG-8852-10, awarded to Kevin Canfield, and Aircraft Mechanic, WG-8852-10, awarded to Curtis I. Hall. Plaintiff was notified of these nonselections on August 14, 1986.
 
 
 3
 As part of his age discrimination claim, plaintiff asserts, both below and on appeal, that while he was in a building on the Rickenbacker base in July 1986, he overheard a statement made by Jack Yaeger (a selecting officer for some of the positions) to Colonel Isaacs to the effect that Yaeger did not want Ivey hired because he was an old man. The district court found that such a statement was never made. On August 22, 1986, plaintiff sent a letter to Congressman John Kasich, complaining about the hiring practices at Rickenbacker. At that time Ivey did not raise the issue of age discrimination, but instead attributed the problem to nepotism. Plaintiff also testified and argues on appeal that he contacted William E. Harrell, the Rickenbacker EEO counselor, sometime in August 1986 about his nonselection. However, the district court found that such testimony was not credible and that the first time plaintiff contacted Mr. Harrell was on October 14, 1986, as testified to by Mr. Harrell and corroborated by the EEO initial report form signed and dated by the plaintiff, as well as by a notice letter sent to plaintiff, informing him of his right to file an administrative complaint, which was dated November 5, 1986 and stated that "21 days have passed since you first contacted me."
 
 
 4
 On December 7, 1986, plaintiff filed a formal discrimination complaint. On December 9, 1986, Mr. Harrell issued his EEO Counselor's Final Report, finding that there had been nine vacancies over the past year for which the plaintiff had not been selected. Mr. Harrell referred plaintiff's complaint to the Air Force Appellate Review Agency for further proceedings. The Equal Employment Opportunity Commission ("EEOC") administrative investigation was limited to only two nonselections, those of June 12, 1986. Issues raised about plaintiff's nonselection for the two WG-8852-10 positions on September 3, 1985 and one WG-8602-08 position on November 20, 1985 were rejected as untimely. The other nonselections were not addressed. After the parties had met with an investigator, plaintiff was advised by a letter dated June 18, 1988, of the proposed denial of his discrimination suit. Plaintiff was advised of his right to request an additional hearing within fifteen days, to file an appeal within twenty days from the final decision with the EEOC Office of Review and Appeals, or to file a civil action within thirty days of receipt of the final decision. The final Air Force decision was delivered to plaintiff on July 29, 1988. This notice similarly advised plaintiff of his rights to appeal or file a civil action.
 
 
 5
 The district court found that on July 11, 1988, plaintiff spoke with a Ms. Gray in Mr. Harrell's office, informing her that he had retained counsel and was taking his case to court rather than proceeding with the administrative process. On September 13, 1988, plaintiff alleges that he contacted Mr. Harrell and asked how his case was proceeding, at which time he was informed his case file had been closed. Plaintiff testified that he delayed filing an appeal because he had thought Mr. Harrell was going to assist him. Mr. Harrell denied this and the district court credited Mr. Harrell's testimony.
 
 
 6
 On September 19, 1988, 52 days after the EEOC decision was delivered to him, plaintiff filed an appeal with the EEOC Office of Review and Appeals. On December 19, 1988, the appeal was dismissed as untimely. Plaintiff then filed a civil action in district court on January 18, 1989. The defendant filed a motion in limine, asking the court not to proceed with claims concerning the WG-8602 positions, claiming that the plaintiff's complaint gave defendant no notice that plaintiff was claiming discrimination as to those positions. The complaint only alleges that plaintiff applied for vacancies in "Aircraft Mechanic" positions, not "Aircraft Engine Mechanic" positions. As for the Aircraft Engine Mechanic, WG-8602-10, position awarded to Kevin Updegrove on January 23, 1990, the district court granted the defendant's motion in limine and denied plaintiff leave to amend his complaint to include this position. The district court held the plaintiff did not show good cause why it should be added and that plaintiff had failed to show compliance with the notice requirements of 29 U.S.C. § 633a(d), which provides:
 
 
 7
 When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.
 
 
 8
 However, the district court did proceed to hear the claims on the three other WG-8602 positions that arose between August 1985 and August 1986, as well as the other five remaining positions.
 
 
 9
 In a very thorough opinion, the district court held that the plaintiff failed to exhaust administrative remedies as to the positions (Locke, Iles, and Widmayer) that had been specifically rejected by the administrative agency as untimely. The court also held that the plaintiff failed to exhaust his administrative remedies with regard to the positions awarded to Canfield and Hall because he failed to file a timely notice of appeal. Finally, with regard to the three positions (Doron, Van Ert, and Weller) not directly addressed by the administrative agency, plaintiff's complaint was untimely and did not satisfy the notice requirement of 29 U.S.C. § 663a(d). Thus, the district court concluded that the plaintiff did not exhaust his administrative remedies under 29 U.S.C. § 663a(b), nor did he comply with the notice requirements of § 633a(d) in regard to any of the eight positions. However, the court also proceeded to hear the claims on the merits, and found that defendant had met its burden of coming forth with legitimate, nondiscriminatory reasons for the plaintiff's nonselection.
 
 
 10
 On appeal, we AFFIRM. The district court's opinion adequately sets out two alternative grounds for dismissal of the age discrimination claim, both of which are correct. Therefore we affirm the district court opinion as written.